IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,800






EX PARTE ALBERTO GIRON PEREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2649-CR IN THE 50TH DISTRICT COURT


FROM COTTLE COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to eighty-five years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Perez v. State, No. 07-91-00225-CR (Tex. App. - Amarillo, October 9, 1992).

 Applicant contends, inter alia, that he was denied his opportunity to pursue discretionary
review in this Court because his appellate counsel failed to notify him when the court of appeals
affirmed his conviction. This Court remanded to the trial court to obtain affidavits and findings
addressing this issue. Applicant's appellate counsel submitted an affidavit in which he states that
he informed Applicant of the court of appeals' decision after the time limit had passed for filing a
petition for discretionary review. The State submitted an affidavit from the current District Attorney,
who was the trial judge who originally presided at Applicant's trial. In the affidavit, he states his
belief that the State would be prejudiced in its ability to re-try Applicant for this charge, due to the
passage of time, the potential inability of the State to locate the murder weapon and eyewitnesses,
and its reasonable expectation that the faded memories of the witnesses will hamper the State's
ability to present a case. 

 The trial court entered findings of fact and conclusions of law, finding that Applicant's
appellate counsel did not provide him with notice or a copy of the appellate opinion until after the
time had passed to submit a petition for discretionary review. The trial court also finds that
Applicant knew the information needed to file a writ seeking an out-of-time PDR as early as 1993,
but failed to do so until almost two decades later. The trial court concludes that Applicant's delay
in seeking relief has prejudiced the State's ability to respond "because of court-appointed counsel's
lack of memory of specific events," and recommends that relief be denied under the doctrine of
laches. See Ex parte Carrio, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999). However, appellate
counsel's affidavit reflects that he does not lack memory of specific events relating to whether or not
he notified Applicant of the court of appeals' decision.

 We order that this application be filed and set for submission to determine whether the
State's showing that it would be prejudiced in its ability to re-try Applicant if this Court were to
grant relief on a petition for discretionary review is sufficient to invoke the doctrine of laches and
deny Applicant the opportunity to file an out-of-time petition for discretionary review. If a showing
of prejudice in the State's ability to re-try a case is sufficient, then under what circumstances is it 
required, and how may such a showing be rebutted by the applicant? The parties shall brief these
issues.

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court on or before August 14, 2012..


Filed: May 16, 2012

Do not publish